UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MICHEAL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00483-TWP-TAB |
| ) | |
| LEEANN DWIGGINS, ) | |
| MADISON COUNTY DRUG TASK FORCE, ) | |
| JAKE BROOKS, ) | |
| SHAWN RICHWINE, ) | |
| CHRIS FRAZIER, ) | |
| KEITH GASKILL, ) | |
| TRENT CHAMBERLIN, ) | |
| SCOTT SANDERSON, ) | |
| CORA GARCIA, ) | |
| WILLIAM RAY, ) | |
| MATTHEW KOPP, ) | |
| JOSHA BOWLING, ) | |
| NORTHWEST TOWING COMPANY, ) | |
| JAY HICKEY, ) | |
| SHAWN, ) | |
| JOHN DOES OR JANE DOES, ) | |
| ANDERSON POLICE DEPARTMENT, ) | |
| ERIC HOLTZILEITER, ) | |
| CLIFFORD COLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

This matter is before the Court for screening of Plaintiff David Micheal Jones' ("Jones") Complaint (Dkt. 1). Jones is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action when he was incarcerated at the Madison County Jail based on allegations related to his arrest for certain crimes. Because Jones is a "prisoner," this Court has an obligation to screen the Complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Jones names 19 defendants in the caption of his Complaint: the Madison County Drug Task Force, the Anderson Police Department, multiple Anderson police officers, two members of the Madison County Drug Task Force, Northwest Towing Company, and John or Jane Doe Defendants (altogether, "the Defendants"). He seeks monetary damages.

**A.    Background**

Jones' allegations relate to a criminal prosecution in the Madison County Circuit Court. *See State v. David Michael Jones*, No. 48C06-2007-F2-001583 (available on mycase.IN.gov) ("Cr. Dkt."). Facts related to that prosecution are relevant to understanding Jones' Complaint.

Accordingly, the Court takes judicial notice of the docket in that case and following facts from that docket.

On July 10, 2020, a prosecutor filed an Information alleging that, on July 9, 2020, Jones fled from a law enforcement officer who had identified himself and ordered Jones to stop his vehicle. (Cr. Dkt. Information (July 9, 2020).) The Information also alleged that Jones possessed various controlled substances, unlawfully possessed a syringe, and possessed methamphetamine with the intent to deliver it. *Id.* The Information was supported by a probable cause affidavit alleging the following facts:

On July 1, 2020, a detective received a call from an unknown caller who reported that another witness might have information relevant to a criminal investigation. (Cr. Dkt., Probable Cause Affidavit Pt. 1 (July 10, 2020).) That witness, in turn, told the detective that Jones was holding a woman against her will at a certain address and that the witness had seen Jones batter the woman. *Id.* Law enforcement officers then set up surveillance of the address and were preparing for a "stop and knock" to determine if the woman was in the home and check on her welfare. *Id.*; Cr. Dkt., Probable Cause Affidavit Pt. 2 (July 10, 2020). Jones left the location on a motorcycle and, when he saw the officers, he fled, continuing to flee even after officers identified themselves and activated their lights. (Cr. Dkt., Probable Cause Affidavit Pt. 1 (July 10, 2020).) Jones drove his motorcycle onto the front porch of the address and tried to retreat into the home. *Id.* Officers ordered him to comply or be tazed. *Id.* He kept trying to retreat and opened the door of the home, at which point officers tazed him on the front porch. *Id.*

The officers then stepped into the home to check on the welfare of the possible victim. *Id.* They yelled for the victim, and she came out from the back of the home. *Id.* Inside the home, officers saw in open view digital scales, a grinder, and drug paraphernalia. *Id.* During a search

incident to Jones' arrest for felony resisting law enforcement, officers discovered a substance that field tested positive for methamphetamine on Jones' body. *Id.* The officers believed the substance was packaged for distribution. *Id.* They also found more than $2,000.00 in cash and a leafy substance in Jones' front pants pocket. *Id.*

At that point, law enforcement contacted a prosecutor about getting a warrant, which they obtained. *Id.* A search of the home turned up a small baggie of green plant material, pills, digital scales, a grinder, small baggies with residue, smoking devices, more methamphetamine, and a used syringe, among other things. *Id.*

Jones filed his Complaint in this case in March 2023. On June 15, 2023, a jury found Jones guilty of felony dealing in methamphetamine, felony resisting law enforcement, and misdemeanor possession of a controlled substance. (Cr. Dkt., Hearing Journal Entry (June 15, 2023).) On July 14, 2023, the trial court judge sentenced Jones to 30 years in prison and 12 months in the Madison County Jail. (Cr. Dkt., Sentencing Order (July 14, 2023); Cr. Dkt., Judgment (July 14, 2023).) Jones appealed, and his appeal is still pending. (Cr. Dkt., Notice of Appeal (Aug. 14, 2023); *Jones v. State*, No. 23A-CR-01865 (Ind. Ct. App.).)

**B.  Complaint**

Jones' Complaint is more than 30 pages long. The Court summarizes the relevant allegations below.

Jones alleges that, after police spoke to the witness who told law enforcement that he was holding the woman against her will, they asked a prosecutor for a search warrant, but the prosecutor declined because the witness' testimony was uncorroborated. Instead, the prosecutor told them to do a "knock and announce" to try to talk to Jones. The officers did not follow that direction.

Instead, they gathered across the street from his home. They pulled him over while he was driving his motorcycle, claiming that he did not use his turn signal, but Jones contends that was not true.

An officer in an unmarked undercover vehicle turned on his lights, and Jones continued driving for another 30 yards until he got to his porch. Even though he went only 30 yards after the officer signaled with his lights, several officers jumped out of their cars and told him he was under arrest for fleeing. As Jones got off his motorcycle, he grabbed the door of his home to balance himself, and one of the officers tazed him immediately. Additional officers then arrived and handcuffed him. Several officers then stormed inside his home without knocking or announcing their presence or obtaining permission.

When officers entered the house, they saw digital scales but never tested them for drug residue. Instead, they called a detective from the Madison County Drug Task Force, who came to the home and then called a prosecutor to request a search warrant. During the search conducted after the warrant was obtained, they opened a locked metal box without getting a separate warrant and found a variety of drugs. An Anderson Police officer decided to tow Jones' motorcycle to use as evidence for the fleeing charge, and Northwestern Towing Company towed it.

Jones alleges that the Madison County Drug Task Force detective went to the tow yard and released the motorcycle to the towing company owner so that he could file to obtain title for it. She did this even though the motorcycle was not being held by the Madison County Drug Task Force and the trial court did not authorize the release. Jones also alleges that the towing company owner filed a false mechanic's lien claiming that he did thousands of dollars of work on the motorcycle and he later sold the motorcycle at a profit. Jones did not learn what happened to his motorcycle until about March 11, 2021, in the course of litigating motions to release his property

in his criminal case.[1] Although Jones does not set this forth explicitly in his Complaint, review of the docket in his criminal case shows that he filed a motion asking that the motorcycle be returned to him or, alternatively, damages for the value of the motorcycle. (Cr. Dkt., Order Denying Defendant's Request to Return Motorcycle (Jan. 27, 2022).) The trial judge found that the State violated Indiana Code § 35-33-5-5 by releasing the motorcycle without a court order. *Id.* Nonetheless, the court denied Jones' motion because § 35-33-5-5 did not provide the remedy he sought. *Id.* Namely, the statute only allowed for return of the property, not damages. *Id.* And the State could not return the motorcycle because it did not possess it anymore. *Id.*

### III.  **DISMISSAL OF COMPLAINT**

Jones asserts constitutional claims against the Defendants, as well as a host of state law claims. The Court addresses the federal claims first.

### A.  **Federal Constitutional Claims**

Jones' possible federal constitutional claims can be divided into several discrete categories: (1) he was subjected to excessive force when he was tazed ("Excessive Force Claim"); (2) his Fourth Amendment rights were violated and he was falsely arrested and ultimately imprisoned for fleeing law enforcement ("False Arrest and Imprisonment Claim"); (3) his Fourth Amendment rights were violated when officers entered and subsequently searched his home without permission, a warrant, or probable cause to do so ("Illegal Search Claim"); and (4) his due process rights were violated when his motorcycle was towed and improperly released ("Due Process Claim").

---

[1] These allegations appear to correspond to events that occurred on March 11, 2021. *See* Cr. Dkt. Administrative Event (March 17, 2021) ("Comes now the court, on its own motion, and vacates the portion of the Order to Release Property dated 3-10-21 related to the motorcycle, as it is not titled in the defendant's name. Further, the court directed the defendant to file a Petition regarding the motorcycle on 3-11-21 in open court.").

The Excessive Force and Illegal Search Claims accrued on July 10, 2020—the date the force and search occurred. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim—accrues immediately"). The statute of limitations for § 1983 claims in Indiana is two years. *See Julian v. Hanna,* 732 F.3d 842, 844–45 (7th Cir. 2013). But Jones did not file this lawsuit until March 2023—just short of three years after the claims accrued. Although untimeliness is an affirmative defense, a complaint can be dismissed *sua sponte* if "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc*., 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 Fed. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate). Here, Jones' Complaint plainly shows that the Excessive Force and Illegal Search Claims are time barred. Therefore, those claims are **dismissed as frivolous**.

The False Arrest and Imprisonment Claim fails for another reason. Finding in Jones' favor on the False Arrest and Imprisonment Claim would necessarily imply that his conviction for resisting law enforcement was invalid. Accordingly, he cannot pursue the False Arrest and Imprisonment Claim unless and until his conviction for resisting law enforcement is overturned.[2] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (plaintiff cannot bring suit under 42 U.S.C. § 1983 if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the conviction has already been invalidated). Accordingly, the False Arrest and Imprisonment Claim is **dismissed without prejudice**.

---

[2] To the extent that Mr. Jones contends that he was falsely arrested on the drug charges of which he was ultimately convicted, the same rationale applies.

Finally, the Due Process Claim fails. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."); *see also Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2174 (2019) ("It is not even possible for a State to provide pre-deprivation due process for the unauthorized act of a single employee." (citing *Parratt v. Taylor*, 451 U.S. 527 (1981))).

Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because Jones has an adequate state law remedy for the loss of his motorcycle, the alleged deprivation of his property was not a constitutional violation, and the Due Process Claim is **dismissed** for failure to state a claim upon which relief may be granted.

B.   **State Law Claims**

Jones asserts entitlement to relief under a host of state law theories in his Complaint. Most or all of the parties in this case are Indiana citizens, so the Court has jurisdiction over Jones' state law claims, if at all, under its supplemental jurisdiction. 28 U.S.C. § 1367. The Court declines to exercise that jurisdiction because all federal law claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Jones' state law claims are **dismissed without prejudice** to reassertion in state court.

### IV.   CONCLUSION

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the Complaint is subject to dismissal.

### V.   OPPORTUNITY TO SHOW CAUSE

For the reasons stated above, Jones' Complaint (Dkt. 1) must be dismissed for the reasons stated above. Jones shall have **through Friday, March 1, 2024,** by which to show cause why judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**Failure to timely respond will result in dismissal of this action without further notice.**
**SO ORDERED.**

Date: 2/6/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Micheal Jones, #850168
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064